**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| STEPHEN JEPPESEN and | ) |
| PATRICIA JEPPESEN, | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )       CAUSE NO.: 2:05-CV-372-RL-PRC |
| | ) |
| NEW CENTURY MORTGAGE | ) |
| CORPORATION and DOES 1-5, | ) |
|     Defendants. | ) |

**OPINION and ORDER**

This matter is before the Court on Plaintiffs' Motion To Compel [DE 52], filed by the Plaintiffs on September 15, 2006. On October 2, 2006, Defendant New Century Mortgage Corporation filed its Response To Plaintiffs' Motion To Compel. On October 6, 2006, the Plaintiffs filed their Reply In Support Of Their Motion To Compel.

In the Motion, the Plaintiffs request an order instructing Defendant New Century to respond to outstanding discovery requests, including interrogatories requesting the identification of class members, responses to requests for the production of documents, requests for deposition dates for recently-disclosed witnesses, and interrogatories and requests for the production of documents seeking communications between Defendant New Century and the Indiana Attorney General's Office. Defendant New Century responds that the disputed outstanding discovery requests are moot except the communications with the Indiana Attorney General. In reply, the Plaintiffs agree with Defendant New Century that the majority of issues raised in their Motion are now moot and that the only remaining, unresolved issue is the production of documents relating to Defendant New Century's communications with the Indiana Attorney General. The Court will address the only remaining viable issue.

In their Motion, with regard to the disputed communications, the Plaintiffs request an order from the Court instructing Defendant New Century to respond to requests for production of documents and interrogatories seeking communications, relating to the Plaintiffs' Complaint, between Defendant New Century and the Indiana Attorney General's Office.  The Plaintiffs, in anticipation of Defendant New Century's response, argue that Indiana Code § 4-6-9-4(b), which addresses the confidentiality of complaints filed with the Consumer Protection Division of the Indiana Attorney General's Office, does not apply here because "[i]t is clear that this provision pertains to public disclosure by the Attorney General of complaints and correspondence in its possession, *not* documents in the possession of other entities." Pls. Mot. at 4 (emphasis in original). In addition, assuming *arguendo* that Indiana Code § 4-6-9-4(b) covers the disputed communications at issue here, Indiana Code § 4-6-9-4(b)(1) allows disclosure when "requested by the person who filed the complaint", which, the Plaintiffs argue, is the case here.  Defendant New Century responds by essentially proffering two arguments: (1) as a matter of public policy, the communications should be protected from disclosure because the statute reflects the intent of the Indiana Legislature to encourage "full cooperation and open communication without the risk of subsequent litigation"; and (2) the statute must cover documents in the possession of Defendant New Century as well as documents in the possession of the Indiana Attorney-General because otherwise, "the statute has no teeth."

## ANALYSIS

Indiana Code § 4-6-9-4(b) provides, in its entirety:

> All complaints and correspondence in the possession of the division
> under this chapter are confidential unless disclosure of a complaint
> or correspondence is:
> (1) requested by the person who filed the complaint;

(2) consented to, in whole or in part, after August 31, 1984, by the
person who filed the complaint;
(3) in furtherance of an investigation by a law enforcement agency;
or
(4) necessary for the filing of an action by the attorney general under
[Indiana Code] 24-5-0.5.

Ind. Code § 4-6-9-4 (2002).  "Division" is defined as the "division of consumer protection" within

the Office of the Attorney General.  Ind. Code § 4-6-9-1.  After extensive research, the Court did

not find any case interpreting the scope of the application of Indiana Code § 4-6-9-4(b), in particular

as to the meaning of the phrase "in the possession of the division."  Accordingly, the Court finds that

the interpretation of the scope of the application of Indiana Code § 4-6-9-4(b) is a matter of first

impression.

Pursuant to Indiana case law, "[w]hen called upon to interpret a statute our threshold inquiry

is whether the statute is ambiguous."  *New Albany-Floyd County Educ. Ass'n v. Ammerman*, 724

N.E.2d 251, 259 (Ind. App. 2000).  Indiana courts will not engage in statutory interpretation unless

the language of the statute is ambiguous.  *See Amoco Prod. Co. v. Laird*, 622 N.E.2d 912, 915

(Ind.1993); *Indiana v. CSX Transp., Inc*., 673 N.E.2d 517, 519 (Ind. App.1996).  Further, if the

statute is not ambiguous, the court will give effect to the plain, ordinary, and usual meaning of the

language of the statute.  *CSX Transp.*, 673 N.E.2d at 519.

"A statute is ambiguous when the wording thereof 'arguably supports either of the competing

interpretations advocated by the parties.' "  *Ammerman*, 724 N.E.2d at 259 (citing *Allstate Ins. Co.

v. Larkin's Body Shop and Auto Care, Inc.*, 673 N.E.2d 846, 848 (Ind. App. 1996) (citations

omitted)).  Here, the dispute between the parties' interpretations stems from the phrase "in the

possession of the division."  While the Plaintiffs argue in support of a narrow reading limited to

documents in the actual possession of the Consumer Protection Division of the Indiana Attorney

3

General's Office, Defendant New Century advocates a broader approach in which the phrase "in the possession of the division" applies to "someone else, either the recipient or the sender, in this case [Defendant] New Century."  Def. Resp. at 3.

Here, because the phrase "in the possession of the division" is only reasonably susceptible to one construction, i.e. literal possession,[1] the Court finds that the language of Indiana Code § 4-6-9-4(b) is not ambiguous and therefore the Court need not engage in statutory interpretation and/or construction of the disputed Indiana Code section.  Further, the Court finds Defendant New Century's two proffered arguments unpersuasive.  First, Defendant New Century argues that a narrow reading frustrates the intent of the Indiana Legislature.  However, because the Court finds that the Indiana Code section is not ambiguous, it need not explore the intent of the Indiana Legislature.  Second, Defendant New Century argues that if the Court finds that the Indiana Code section does not cover the documents at issue here, then "the statute has no teeth."[2]  The Court disagrees noting that Indiana Code § 4-6-9-4(b) applies to "[a]ll complaints and correspondence in the possession of the [Consumer Protection Division]" of the Indiana Attorney General's Office.[3]

Accordingly, based on the foregoing, the Court now **GRANTS IN PART and DENIES IN PART** the Plaintiffs' Motion To Compel [DE 52].  The Court **DENIES as moot** the Motion to the

---

[1]Possession refers to "[t]he fact of having or holding property in one's power; the exercise of dominion over property."  *Black's Law Dictionary*, 1201 (8th ed. 2004).

[2]The Court notes that, while it disagrees with Defendant New Century's contention that Indiana Code § 4-6-9-4(b) lacks "teeth" when interpreted as this Court has, Defendant's argument is an issue for the Indiana Legislature, not this Court.

[3]The Court further finds that, assuming *arguendo* that Indiana Code 4-6-9-4(b) applies to the documents in the possession of Defendant New Century, Indiana Code 4-6-9-4(b)(1) and/or (2) allow disclosure here because the person who filed the complaint, i.e., the Plaintiffs, are requesting disclosure of the disputed documents.

extent the Plaintiffs seek an order from the Court compelling responses to outstanding discovery requests as described in ¶¶ 2-4 in their Motion.  The Court **GRANTS** the Motion to the extent the Plaintiffs seek an order from the Court compelling responses to outstanding discovery requests as described in ¶ 5 in their Motion and **ORDERS** Defendant New Century Mortgage Corporation to fully respond to the Plaintiffs' Interrogatories 5 and 15 as well as Requests for the Production of Documents 4, 5, 8, and 18, in particular as to documents *in its possession* containing communications with the Consumer Protection Division of the Indiana Attorney General's Office related to this case.

SO ORDERED this 17th day of November, 2006.

/s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record